Hitchcock, J.
This case presents a new question for the consideration of the court, which is this: Can the purchaser of the equity of redemption in mortgaged premises recover those premises in ejectment against one who has purchased the same under a decree foreclosing the equity, and directing the land to be sold, merely because that purchaser was not made party defendant in the bill to foreclose? Or, in other words, does the sale under such decree remove the incumbrance from the lands, and vest a perfect title in the purchaser of the equity of redemption ?
*116 This is not, it is true, tho precise form of the question, but it is the substance; and, according to the decision of the superior court, the defendant in error, who derives title from the mortgagor through a conveyance subsequent to the date of the mortgage, and for the satisfaction of which the premises had been sold under a decree of a court of competent jurisdiction, recovers those promises discharged of the incumbrance, and this because the purchaser at the sheriff’s sale was a stranger; for it seems to be admitted that had the mortgagee, or an assignee of the mortgagee, purchased, it would have been well, and this action could not have been sustained.
Is this right? It certainly does not appear to be in accordance with justice. But if the law is so, that law should be enforced. Although many authorities have been cited by counsel to sustain this judgment, yet the one principally relied upon, and which was undoubtedly received by the superior court as conclusive of the case, is the case of Watson et al. v. Spence, 20 Wend. 260. That was a case substantially like the one now before the court, and decided as the case was in the court below—that is, the result was *the same in both cases. There had been a foreclosure and sale to a stranger, the mortgagor having parted with his interest before the bill was filed, and his vendee not having been made a party. The court adopt a course of reasoning by which they are brought to the conclusion that tho proceedings in chancery were void as to the vendee of the mortgagor because he was not a party; and that inasmuch as he might have maintained ejectment before the foreclosure against a stranger, he could after the foreclosure—although that stranger is a purchaser under the chancery proceedings; that a purchaser in such case acquires no interest in the land, except as against the original mortgagor; that he has no privity with the mortgagee, and can not be treated as an assignee. It is admitted at the same time that if the mortgagee, or an assignee of tho mortgagee, had purchased, or was in possession, the plaintiff could not recover.
Although we have the highest respect for the court making this decision, yet we are not entirely satisfied with the reasoning adopted or the decision made.
In this state we hold, as is held in New York, that in mortgages the debt is the principal, the mortgage the incident. That by assignment of the debt the mortgage is transferred. That by the *117 payment of the debt, it is satisfied. We hold,' too, that as to all the world except the mortgagee, the mortgagor has a legal estate in the land mortgaged—an interest which may be sold on execution. But we hold that, as between the mortgagor and mortgagee, and those holding under either or both, after condition broken, tho legal estate becomes absolute in the mortgagee, still subject however, to be redeemed upon the payment ,of the debt secured. And this right of redemption continues until the land is sold under a proceeding in chancery. After condition broken, the mortgagee may maintain ejectment for the land, against the mortgagor or any one claiming under him. If the mortgagee or his assignee go into possession, neither the mortgagor, nor any person under him, can disturb this possession. *After condition broken, then the mortgagee has an interest in the land—as between the parties to the mortgage, he has the legal interest. Having this legal interest, be may file his bill in chancery for a foreclosure, or for a decree ordering a sale of tho mortgaged prem-' ises. To this bill he must, or ought to make the mortgagor a party. And he ought further to make all persons parties who have acquired interests in the property, either anterior or posterior to tho date of his mortgage. But suppose he does not, and a decree passes, what is the consequence? Counsel for defendant in error contend that the proceedings are absolutely null and void. That a decree in chancery is absolutely void unless all persons who have an interest in the subject matter are made parties. For if it would be void in a case like the one under consideration for that cause, it must for the same cause be void in every case. But it is not so. If the court have jurisdiction, all parties before it will be bound by the decree. As to those not parties to the suit, not before the court, the decree does not affect them; their interests remain as they were. The mortgagee having filed his bill making the mortgagor a party, regardless of those to whom the mortgagor may have transferred the equity of redemption, obtains a decree, and the land is sold,—what interest passes by the sale ?
Counsel suppose, and such seems to have been the opinion of the court in New York, that nothing passes but the interest of the mortgagor, who is defendant in the suit, and as that mortgagor had no interest, therefore that nothing passes. But such is not the case. When the bill is filed, the legal title, as between par *118 ties and privies, is in the mortgagee. The object of the bill is, that this may be sold—the land itself, the legal title to which is in the complainant, and that it may be sold divested of any equity of redemption. And it seems clearly to tho court, that when it ia sold, the purchaser takes the interest, not only of the defendants in the case, but the interest of the mortgagee; and that he takes it divested of any right of redemption on the part of those who are parties to the proceeding. So far *as tho land is concerned, he is subrogated to all the rights of tho mortgagee. A junior vendee of the mortgagor, under such circumstances, can not recover in ejectment against the purchaser at the judicial sale, such purchaser being in possession.
It is said, however, that such vendee was not a party to the judicial proceeding, and therefore as to him the proceedings are void. True, his interests are not affected by tho decree and sale. Still, the court have jurisdiction of the subject matter and of the parties before it. The decree is not a nullity. Now, what were the rights of the junior vendee? As to the mortgagee and those claiming under him, he has, and never had, any other interest than a mere equity of redemption. That right still remains. He may have a bill to redeem, but he can not sustain an ejectment.
These principles being applied, how stands the case before the court? On November 22, 1841, John B. Germain and wife mortgaged the land in controversy to one Anthony Mousch, to secure the payment of $300. Mousch assigned this mortgage to Ratter-man. On January 14, 1842, the mortgagor convoyed the same premises, under tho incumbrance of the mortgage, to Michael Germain, under whom, by intermediate conveyances, the lessor of the defendant in error claims title. On October 25, 1842, and after forfeiture of the conditions of the mortgage, Ratterman filed his bill in chancery for a foreclosure, and for the sale of the mortgaged premises. To this bill John G. Germain, Anthony Mousch, and others were made defendants; but Kramer, tho lessor of the defendant in error, was not made a defendant. A decree was obtained, and the laud sold under an order of sale to one David Loring. This sale was confirmed and a deed made by the sheriff to Loring, who convoyed to John Frische, husband of the plaintiff in error. Frisehe died in possession. By this proceeding and sale, all the interests of those made parties to the bill became vested in Loring. But the interest of Kramer, he not being a *119 party, was not affected. That interest, ^however, as it respects the mortgagee and those claiming under him, or in his right, is a mere right to redeem. He has it still, but he can not sustain an ejectment. Possibly, as against a mere stranger, an intruder, he might; but not as against him in whom is vested the right of the mortgagee.
There is another view of the case, which will equally show the error of the superior court. By our practice, the proceedings in chancery, which we sometimes denominate proceedings to foreclose an equity of redemption, are in fact, in the nature of proceedings in rem. The object is to procure, by a decree of the court, the sale of the mortgaged premises, and for no other purpose. In the case of Ratterman v. Germain and others, such was the object of the bill. And upon this bill the court decreed that the mortgaged premises should bo sold. They were sold pursuant to the decree, by the proper officer of the court. Under this sale, unless the proceedings were utterly and entirely void, the purchaser took these identical mortgaged premises, and could transmit them to others.
The superior court, in excluding from the jury the evidence offered by.the plaintiff in error, and in charging the jury, that as against the plaintiff the lessor of the defendant in error had the legal title, committed an error. The court erred too, in refusing the second, third, and fourth instructions requested by the plaintiff in error.
The judgment is reversed, with costs, and the case remanded for further proceedings-